Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| SUCESIÓN DE JASON DÍAZ *t/c/c* JOASON OLIVER DÍAZ RODRÍGUEZ Y OTROS<br><br>Recurrida<br><br>v.<br><br>MABEL RODRÍGUEZ PACHECO<br><br>Peticionaria | KLCE202500157 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Liquidación de Comunidad de Bienes<br><br>Caso Núm. SJ2022CV10042 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de marzo de 2025.

La parte peticionaria, la señora Mabel Rodríguez Pacheco, comparece ante nos para que dejemos sin efecto la *Resolución* emitida y notificada el 11 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala de San Juan. Mediante la misma, el foro primario declaró *No Ha Lugar* una moción presentada por la parte peticionaria, en la cual solicitó la descalificación de la representación legal de la parte recurrida, el licenciado Eufemio Martínez.

Por los fundamentos que exponemos a continuación, se *deniega* la expedición del recurso de *certiorari* solicitado.

### I

El 16 de noviembre de 2022, Jason Díaz presentó la Demanda de epígrafe[1]. En la misma solicitó la liquidación de la comunidad de bienes y partición de herencia del causante Gregorio Díaz, así como

---

[1] Debido al fallecimiento del demandante el 23 de marzo de 2022, el día 18 de enero de 2024 se presentó Solicitud de Sustitución de Parte, conforme a la Regla 22 de Procedimiento Civil, 32 LPRA, Ap. V, R. 22. Evaluada la misma por el foro primario, se ordenó la sustitución de la parte demandante por la sucesión de Jason Díaz.

Número Identificador

RES2025 _____

también se hizo una reclamación de daños y perjuicios. Luego de acontecidos varios trámites innecesarios de pormenorizar, el 3 de septiembre de 2024, la parte peticionaria presentó una moción intitulada *"Motion to Disqualify Counsel Eufemio Martínez for Conflict of Interest and Request for Orders"*. En esencia, en el pliego argumentó que el licenciado Eufemio Martínez tenía un conflicto de interés por no haber aconsejado a Jason Díaz a transar su caso, previo a su fallecimiento. Sostuvo que dicho conflicto se evidenciaba en el Informe de Tasación del inmueble objeto de división, en el cual surgía, a su entender, que el licenciado Eufemio Martínez pretendía vender la propiedad a otro cliente, de nombre Mr. Burton.

Mediante *Moción en Cumplimiento de Orden* presentada el 8 de noviembre de 2024, la parte recurrida explicó que el nombre "Jack Burton" surgía en el Informe de Tasación del inmueble en controversia, porque el tasador asumió que ese era el nombre del cliente, ya que el correo electrónico que se proveyó fue burtonjack844@gmail.com. Se acompañó con la referida moción, una declaración jurada prestada por el tasador, Carlos José Sosa Ruiz, en la cual explicó su error e inadvertencia.

Tras entender sobre los argumentos de las partes, el foro primario emitió la *Resolución* recurrida, mediante la cual resolvió que no procedía la descalificación solicitada. Igualmente, en el dictamen se ordenó continuar con el descubrimiento de prueba, y se les concedió a las partes treinta (30) días para presentar el Informe para el Manejo del Caso.

Inconforme, el 26 de diciembre de 2024, la parte peticionaria presentó una *Moción de Reconsideración,* la cual fue denegada por el tribunal primario mediante *Resolución* emitida el 15 de enero de 2025, notificada al día siguiente.

Aún en desacuerdo, la parte peticionaria comparece ante nos mediante el presente recurso de *certiorari*, y en el mismo formula los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Instancia al no descalificar al Lcdo. Eufemio Martínez por claro y patente conflicto de intereses.

> Erró el Honorable Tribunal de Instancia al privar a la recurrente de su derecho al debido procedimiento de ley, admitiendo declaraciones ex parte y documentos sin concederle a contra interrogar la prueba en la que descansó para su decisión.

Luego de examinar el expediente que nos ocupa, procedemos a expresarnos.

**II**

**A**

Nuestro estado de derecho propone la *descalificación* como el mecanismo procesal idóneo para evitar cualquier quebrantamiento a los términos de las normas éticas que regulan el ejercicio de la abogacía en nuestra jurisdicción. El mismo es uno de carácter extraordinario y preventivo, no constitutivo de una acción disciplinaria. *ORIL v. El Farmer, Inc.,* 204 DPR 229, 230 (2020); *Job Connection Center v. Sups. Econo,* 185 DPR 585, 596 (2012). Al evaluar una moción de descalificación, los tribunales deben sopesar los intereses en conflicto y considerar los siguientes elementos: (1) si quien solicita la descalificación tiene legitimación activa para invocarla; (2) la gravedad del conflicto de interés envuelto; (3) la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados involucrados; (4) la etapa de los procedimientos en que surja la controversia sobre la descalificación y su posible efecto en cuanto a la resolución justa, rápida y económica del caso; y (5) el propósito detrás de la descalificación, es decir, si la moción de descalificación está siendo utilizada como mecanismo procesal para dilatar los procedimientos. El tribunal deberá sopesar, además, el derecho que le asiste a todo ciudadano

de escoger libremente el abogado que lo represente. De igual forma, el tribunal velará porque el abogado a ser descalificado tenga la oportunidad de ser oído, pudiendo presentar prueba en su defensa. *Otaño v. Vélez,* 141 DPR 820, 821 (1996); Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.3.

Ahora bien, la determinación que hace el Tribunal de Primera Instancia sobre la descalificación de un abogado está impregnada de un alto grado de discreción. *Meléndez v. Caribbean Int'l. New*s, 151 DPR 649, 664 (2000). Por tanto, los foros apelativos pueden revisar la determinación de descalificación, si se demuestra que hubo un craso abuso de discreción, que el tribunal primario actuó con prejuicio o parcialidad, que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que su intervención en esa etapa evitará un perjuicio sustancial. *Íd*; *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 172 (1992).

## II

### B

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *BPPR v. S.L.G. Gómez López,* 213 DPR 314, 339 (2023); *Rivera, et al. v. Arcos Dorados, et al.*, 212 DPR 194, 207-208 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden.  Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado

o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re*

*Collazo I,* 159 DPR 141, 150 (2003).  Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

### III

Un examen del expediente de autos mueve nuestro criterio a no intervenir con lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos sugiere que, en el ejercicio de sus facultades, el tribunal primario haya incurrido en error de derecho o en abuso de la discreción que le asiste en el manejo de los procedimientos que atiende, de modo que competa soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula nuestras funciones.

A nuestro parecer, el pronunciamiento aquí recurrido obedece a una juiciosa y prudente gestión dirigida a procurar la más correcta tramitación del asunto sometido a su consideración. Tal cual indicáramos, la determinación que respecto a la descalificación de un abogado efectúa el Tribunal de Primera Instancia, es una inherente a su criterio discrecional.  Dicha tarea adjudicativa no solo resguarda la sana ejecución de la profesión legal, sino que también se relaciona al debido curso de los procedimientos, a fin de cumplir con los principios de celeridad y justicia que se persiguen en nuestro estado de derecho. La *Resolución* que nos ocupa permite entrever que, en el ejercicio de sus facultades, el tribunal primario auscultó la posibilidad de la existencia de un conflicto de interés, ello a la luz de las alegaciones de la parte peticionaria.  No obstante, a juicio del Tribunal de Primera Instancia, nada al respecto se acreditó ante sí. De este modo, y toda vez que la inexistencia de prueba en autos que

derrote dicha conclusión, resolvemos no imponernos sobre lo resuelto. Así, ante la ausencia de condición alguna que legitime el ejercicio de nuestras facultades revisoras en la causa de epígrafe, concluimos no expedir el presente auto por no concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

## IV

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones